**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM A. SALZWEDEL, on behalf of himself, and all others adversely affected by similar state action, | No. 18-55574 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-03156-AB-RAO |
| v. | MEMORANDUM[*] |
| STATE OF CALIFORNIA; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted March 12, 2019[**]

Before: LEAVY, BEA, and N.R. SMITH, Circuit Judges.

William A. Salzwedel appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging various claims stemming from his

dual role as attorney and trustee in a California probate court. We have jurisdiction

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo.  *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (dismissal under *Rooker–Feldman* doctrine); *Canatella v. California*, 304 F.3d 843, 852 (9th Cir. 2002) (dismissal for lack of standing). We affirm.

The district court properly dismissed for lack of standing Salzwedel's claims asserted on behalf of third parties.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (constitutional standing requires an "injury in fact," causation, and redressability); *Coalition of Clergy, Lawyers, & Professors v. Bush*, 310 F.3d 1153, 1163 (9th Cir. 2002) (setting forth third-party standing requirements).

The district court properly dismissed as barred by the *Rooker–Feldman* doctrine Salzwedel's first and second claims because they are a de facto appeal of decisions of the California probate and appellate courts and are inextricably intertwined with those state court decisions.  *See Kougasian*, 359 F.3d at 1139 ("*Rooker–Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment."); *see also Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012) (explaining that *Rooker–Feldman* doctrine bars "inextricably intertwined" claim where federal adjudication "would impermissibly undercut the state ruling on the same issues" (citation and

internal quotation marks omitted)).

Salzwedel's requests for judicial notice, set forth in his opening brief, and his motion for judicial notice (Docket Entry No. 18) are granted.

**AFFIRMED.**